UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KRISTINA BEDYNERMAN and ERIC
PAUL BROCKHUSEN BREUNING,

      Plaintiffs,

v.	Case No.: 2:19-cv-742-FtM-38NPM

TARGET CORPORATION and
JOHN DOE,

      Defendants.
_____/

### **OPINION AND ORDER**[1]

Before the Court are Plaintiffs Kristina Bedynerman and Eric Paul Brockhusen Breuning's Motion for Leave to Amend Complaint and Remand Case to State Court (Doc. 13) and Defendant Target Corporation's response (Doc. 15).

Bedynerman was shopping at a Target store when a heavy box fell on her head. She and her husband sued Target and "John Doe"—an employee who was stocking nearby shelves at time of the injury—in Florida state court. Target removed the case to this Court based on diversity jurisdiction. Plaintiffs want to amend the Complaint to reflect their identification of John Doe as Daysi M. Castro, a Florida resident. And because Castro would destroy complete diversity, Plaintiffs ask the Court to remand the case back to state court.

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

In most cases, courts liberally allow plaintiffs to amend complaints and join new defendants. But when a plaintiff seeks to add a non-diverse defendant in a removed case, courts should scrutinize the pleading "by balancing 'the defendant's interest in maintaining the federal forum with the competing interests of not having parallel lawsuits.'" *Reyes v. BJ's Restaurants, Inc.*, 774 F. App'x 514, 517 (11th Cir. 2019) (quoting *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987)). "The equitable balance is guided by four factors: (1) the plaintiff's motive for seeking joinder; (2) the timeliness of the request to amend; (3) whether the plaintiff will be significantly injured if amendment is not allowed; and (4) any other relevant equitable considerations." *Id.*

### 1. Plaintiffs' motive

Courts are less likely to allow joinder of a nondiverse defendant when the purpose is to defeat diversity. Target asks the Court to infer such a purpose from the timing of the proposed amendment. But Plaintiffs' request to amend comes after removal only because Target removed the case before disclosing the name of the "John Doe" defendant.

The Eleventh Circuit's opinion in *Dever v. Family Dollar Stores of Ga., LLC*, 755 F. App'x 866 (11th Cir. 2018) is instructive. Dever sued Family Dollar and a misidentified store manager in state court. Family Dollar disclosed the identity of the manager after it removed the case, and Dever moved to substitute in the correct, nondiverse defendant. *Dever*, 755 F. App'x at 867-68. The district court found that Dever's motivation was to defeat federal jurisdiction and denied the motion. *Id.* at 868. The Eleventh Circuit reversed because "Dever sought to bring a claim against the store manager when she filed her original complaint in state court." *Id.* at 870.

As in *Dever*, Plaintiffs sought to sue the nondiverse defendant in their original Complaint, but Target did not identify her until after removal. This factor strongly favors Plaintiffs.

*2. Timeliness*

The parties agree that Plaintiffs were not dilatory in requesting the amendment, so this factor favors Plaintiffs.

*3. Potential injury to Plaintiffs*

The parties disagree about the strategic impact of Plaintiffs' proposed amendment. Plaintiffs blame Castro for directly causing Bedynerman's injury and worry that Target will raise an "empty chair" defense in Castro's absence. Target argues there will be no "empty chair" at trial because it is ultimately liable for any negligence attributable to Castro. The Court agrees that Target is unlikely to successfully raise an "empty chair" defense by pointing to the negligence of its employee. But the Court cannot entirely dismiss Plaintiffs' concern that Castro's absence at trial would be a strategic disadvantage. This factor does not weigh heavily for either side.

*4. Other equitable considerations*

Neither party raises compelling considerations not addressed above. Notably, Target does not raise fraudulent joinder. It instead argues the Court should give weight to its right as a diverse defendant to choose a federal forum. But Target only has that right so long as complete diversity exists, which Target maintained by refusing to disclose Castro's identity until after it removed the case. Target should not be allowed to choose its preferred venue through gamesmanship. The balance of equities tilts towards Plaintiffs.

The Court thus finds that Plaintiffs may amend their complaint to substitute Castro in place of "John Doe." And since the parties agree that Castro destroys diversity, the Court will remand the case.

Accordingly, it is now

**ORDERED:**

Plaintiffs Kristina Bedynerman and Eric Paul Brockhusen Breuning's Motion for Leave to Amend Complaint and Remand Case to State Court (Doc. 13) is **GRANTED**.

1. The Clerk is **DIRECTED** to docket Plaintiffs' Amended Complaint (Doc. 13-11) as a separate entry.
2. This case is **REMANDED** to the Circuit Court of the Twentieth Judicial Circuit in and for Lee County, Florida.
3. The Clerk is **DIRECTED** to transmit a certified copy of this Order to the Clerk of the Twentieth Judicial Circuit in and for Lee County, Florida.
4. The Clerk is **DIRECTED** to terminate any pending motions or deadlines and close this case.

**DONE** and **ORDERED** in Fort Myers, Florida this 19th day of December, 2019.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record